**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-00089-RM-SKC

KENNEITH CASEY,

      Plaintiff,

v.

MASTER P TRUCKING CORP.,
IMPROVE SOIL TRANSPORT, INC., and
REKEM YISRAEL,

      Defendant

---

## ORDER

---

This matter is before the Court on Plaintiff's "Motion to Extend Time to Respond to Defendant Improve Soil Transport, Inc.'s Motion for Summary Judgment" ("Motion") (ECF No. 104). Defendant Improve Soil Transport, Inc. ("Defendant IST") has filed a Response. The Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). After considering the court record, and the applicable law, the Motion is DENIED for the reasons stated below.

On May 11, 2021, Defendant IST filed a Motion for Summary Judgment ("MSJ"). On June 2, 2021, Plaintiff filed his Motion and a response to the MSJ. Plaintiff's Motion seeks leave to file a response to the MSJ after a Fed. R. Civ. P. 30(b)(6) deposition is taken of Defendant IST. Plaintiff relies on Fed. R. Civ. P. 6(b)(1)(A) and 56(d)(2). Such reliance is unavailing.

First, Plaintiff argues the Court may grant a request for extension of time for good cause. But Rule 6(b)(1)(A) applies if the request is made "before the original time or its extension expires." Here, as Defendant IST points out, Plaintiff's response to the MSJ was due by June 1. Thus, Plaintiff's Motion filed June 2 is untimely and, therefore, he must establish "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). Something Plaintiff fails to address or do here.

Next, Plaintiff asserts the Rule 30(b)(6) deposition is "vital to this matter" and relies on Rule 56(d)(2). But Rule 56(d)(2) provides the Court may grant relief "[i]f a nonmovant shows by *affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition." (Italics added.) Such motion must "be robust," with "an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts. The party must also explain how additional time will enable [him] to rebut the movant's allegations of no genuine issue of material fact.'" *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) (original brackets omitted) (quoting *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013)). Here, Plaintiff provides neither an affidavit nor a declaration. Further, Plaintiff has not specifically identified the probable facts which are not available. And while Plaintiff has identified the steps to obtain discovery *now*, the record shows that such steps could have been taken in *2020*. (*See* ECF No. 65, p. 1 (discussing scheduling the deposition of Defendant IST's corporate representative), filed September 22, 2020.)

Finally, as Defendant IST argues, Plaintiff has already filed a response to the MSJ. Allowing Plaintiff to file another response would allow him a second bite of the apple. On this record, the Court declines to allow him to do so. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Extend Time to Respond to Defendant Improve

Soil Transport, Inc.'s Motion for Summary Judgment (ECF No. 104) is DENIED.

DATED this 9th day of June, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge